**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Alfred Adams, Jr., ) | No. CV-08-750-PHX-ROS (LOA) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Dora B. Schriro, et. al, ) | |
| Respondents. ) | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (docket # 1)  Respondents have filed an Answer (docket # 11) to which Petitioner has not replied and the deadline has passed.  (*see* docket # 5)

**I. Factual and Procedural Background**

On October 28, 2004, the State of Arizona charged Petitioner, in case number CR 2004-130264-001, with one count of armed robbery, one count of theft of means on transportation, one count of unlawful flight from a law enforcement vehicle, and one count of possession or use of marijuana.  (Respondents' Exh. B)

On November 15, 2004, the State of Arizona charged Petitioner, in case number CR 2004-048287-001, with one count of armed robbery and one count of attempted armed robbery.  (Respondents' Exh. A)  Pursuant to the parties' stipulation, the cases were subsequently consolidated.  (Respondents' Exh. E)

On December 15, 2004, the Maricopa County Superior Court permitted the Public Defender's Office to withdraw and appointed contract attorney, David Lockhart, to represent

Petitioner. (Respondents' Exh. C, 12/15/04 minute entry) On May 23, 2005, the State court denied Petitioner's motion to dismiss counsel. That same day, the State court granted Petitioner's separate motion to proceed *pro per*, finding that Petitioner had "knowingly, intelligently, and voluntarily waived counsel." (Respondents' Exh. D, 7/5/05 minute entry) The court appointed David Lockhart as advisory counsel to assist Petitioner. (*Id*.)

On July 5, 2005, pursuant to a plea agreement, Petitioner pled guilty to the following charges: Count 1, armed robbery; Count 2, attempted armed robbery; Count 3, armed robbery; Count 4, theft of means of transportation; Count 5, unlawful flight from a law enforcement vehicle; and Count 6, possession or use of marijuana. (*Id*.) The trial judge[1] found that Petitioner knowingly, voluntarily, and intelligently pled guilty. (*Id.*)

On August 5, 2005, the trial court imposed the following concurrent sentences: Count 1, armed robbery, 15 years; Count 2, attempted armed robbery, 7.5 years; Count 3 armed robbery, 19 years; Count 4, theft of means of transportation, 3.5 years; Count 5, unlawful flight from a law enforcement vehicle, 1.5 years; and Count 6, possession or use of marijuana, 1 year. (Respondents' Exh. F, 8/5/05 minute entry) The trial court also revoked Petitioner's probation in a different case, CR 2004-15348, and sentenced him to time served. (Respondents' Exh. G, 8/5/05 minute entry)

**A. Post-Conviction Proceeding**

On September 7, 2005, Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32. (Respondents' Exh. H) The trial court appointed counsel who filed a notice, advising the court he had reviewed the record and found no colorable claim for relief. (Respondents' Exh. I) Petitioner filed a *pro se* petition for relief on May 12, 2006. (Respondents' Exh. J) On December 20, 2006, the trial court summarily dismissed the petition finding that Petitioner had not raised any colorable claims. (Respondents' Exh. K) The trial court specifically found Petitioner's claim of ineffective assistance of counsel

---

[1] The Honorable Jeffrey A. Hotham presided.

lacked merit and noted that Petitioner failed to show either that counsel's performance was deficient or that counsel's performance resulted in prejudice. (Respondents' Exh. K) Petitioner did not seek appellate review of the trial court's order of dismissal. (Respondents' Exh. L)

### B. Petition for Writ of Habeas Corpus

On April 18, 2008, Petitioner filed the pending Petition for Writ of Habeas Corpus, asserting that his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments were violated by ineffective of counsel in connection with his guilty plea and the trial court's denial of his motion to appoint alternative counsel. (docket # 1 at 7)   Petitioner also alleges that prison officials have failed to protect him from threats to his safety. (*Id.*)   The Court previously dismissed Petitioner's allegations based on prison officials' failure to protect him as not cognizable in a petition for writ of habeas corpus pursuant to § 2254. (docket # 5)  Accordingly, only Petitioner's ineffective assistance of counsel claim is before the Court.  Respondents assert that the Petition is untimely.  Respondents alternatively assert that Petitioner's claims are procedurally defaulted and lack merit.  Petitioner has not filed a reply.

### II.  Statute of Limitations

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court.  The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action. The statute of limitations is a threshold issue the Court must resolve before reaching other procedural issues or the merits of Petitioner's claims.  *White v. Klitzkie*, 283 F.3d 920, 921-22 (9th Cir. 2002).

Title 28 U.S.C. § 2244(d)(1) provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A). Respondents assert that the Petition is time-barred.

### A. Application of § 2244(d)(1)(A)

By pleading guilty, Petitioner waived his right to a direct appeal, but retained the right to seek review in an "of-right" proceeding under Rule 32. Ariz.R.Crim.P. 32.1.[2] In *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007), the Ninth Circuit considered whether Arizona's Rule 32 of-right proceeding is direct or collateral review under the ADEPA. *Summers* held that an "'of-right proceeding,'available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty [or no contest], is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." *Id.* at 711. The *Summers* court explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id.*

Pursuant to *Summers*, because Petitioner pled guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711. Here, Petitioner entered his plea and was sentenced on August 5, 2005. Pursuant to Ariz.R.Crim.P. 32.4, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of Rule-32 review. Ariz.R.Crim.P. 32.1, 32.4(a) stating that

---

[2] Arizona Rule of Criminal Procedure 32.1 provides: "Any person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz.R.Crim.P. 32.1.

- 4 -

1  "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry
2  of judgment and sentence or within thirty days after the issuance of the final order or
3  mandate by the appellate court in the petitioner's first petition for post-conviction relief
4  proceeding.")

5      Petitioner filed a notice of Rule 32 relief within the 90-day time period. The trial
6  court dismissed that proceeding on December 22, 2006 and Petitioner did not seek further
7  review. Because Petitioner did not seek appellate review within 30 days, his judgment
8  became final on the date the 30-day deadline for seeking appellate review expired, on
9  January 21, 2007. *See* Ariz.R.Crim.P. 32.9(c); *Summers*, 481 F.3d at 711.

10     Because Petitioner's conviction became final on January 21, 2007, the AEPDA
11 limitations period commenced the following day, on January 22, 2007, and expired on
12 January 22, 2008. 28 U.S.C. § 2244(d)(1). Petitioner did not file his § 2254 Petition until
13 April 18, 2008. (docket # 1) Thus, absent tolling, Petitioner's Petition is untimely.

14     **B. Tolling the Limitations Period**

15     **1. Statutory Tolling**

16     The AEDPA one-year limitations period is tolled during the time that a "properly
17 filed application for State post-conviction or other collateral review with respect to the
18 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

19     Statutory tolling does not apply. Petitioner only filed a Rule 32 of-right proceeding
20 and did not file a subsequent petition for post-conviction relief. Because statutory tolling is
21 unavailable, the pending Petition should be dismissed as untimely unless equitable tolling
22 applies.

23     **2. Equitable Tolling**

24     Respondents assert that equitable tolling is not available because that remedy "does
25 not survive" the Supreme Court's decision in *Bowles v. Russell*,____U.S. ___, 127 S.Ct.
26 2360 (2007). (docket # 11 at 5-8) Respondents alternatively argue that, even if equitable
27 tolling is available, Petitioner is not entitled to equitable tolling. (docket # 11 at 8-10)

28

- 5 -

Respondents argue that in view of the Supreme Court's recent decision in *Bowles v. Russell*, ___ U.S. ___ , 127 S.Ct. 2360 (2007), the AEDPA statute of limitations is jurisdictional and not subject to equitable tolling. In *Bowles*, Supreme Court held that the timely filing of an appeal in a civil case is a jurisdictional requirement. *Id.* at 2366. The *Bowles* Court reasoned that because federal statutes set forth time limits on filing a notice of appeal and reopening the appeal period, Congress intended to preclude a federal court from exercising jurisdiction over otherwise legitimate cases after a ceratin period of time had elapsed after final judgment. *Id.*

Similar to the federal statutes at issue in *Bowles*, the AEDPA establishes time limits on when a petitioner may file a petition for writ of habeas corpus. 28 U.S.C.§ 2244(d)(1). On two occasions, the Supreme Court has denied certiorari on the issue of whether these limits are jurisdictional. *See, David v. Hall*, 540 U.S. 815 (2003); *Flanders v. Graves*, 537 U.S. 1236 (2003). The Supreme Court has noted that it has never squarely addressed whether equitable tolling applies to the AEDPA's statute of limitations. *Lawrence* v. *Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). Accordingly, whether the AEDPA is subject to equitable tolling remains an open question. However, a recent decision in the District of Arizona followed the Second Circuit in holding that *Bowles* does not apply to the AEDPA. *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2 (D.Ariz., Feb. 11, 2008) (citing *Diaz v. Kelly*, No. 1-2687-RR, 2008 WL 199846, * 3) (2d Cir., Jan. 25, 2008). Although this Court is inclined to follow *Hernandez* and hold that *Bowles* does not apply to the AEDPA, the Court need not resolve that issue because even assuming equitable tolling remains viable after *Bowles*, as Respondents alternatively argue, Petitioner does not satisfy the requirements for such tolling.

The Ninth Circuit has held that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th Cir. 1998).

The Supreme Court has avoided deciding whether the AEDPA's statute of limitations may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, because the parties in *Pace* argued that it could, the Court assumed that equitable tolling applies and observed that a petitioner seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Petitioner does not specifically assert any basis for equitable tolling. (docket # 1 at 6) However, he generally asserts that he lacks legal knowledge, legal assistance, and access to a law library. (*Id.*) Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling); *Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927 (D.Ariz., February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 170, 714-15 (5th Cir. 1999); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling."). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). *See also*, *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim).

Likewise, Petitioner's status as a prison inmate does not constitute an extraordinary circumstance beyond his control warranting the tolling of the one-year limitations period. *Marsh*, 223 F.3d at 1220. The ordinary difficulties inherent in prison life do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel.").

Finally, Petitioner's conclusory statement that he lacks access to a law library does not constitute an extraordinary circumstances for purposes of equitable tolling. *Atkins v. Harris*, 1999 WL 13719, * 2 (N.D.Cal., Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition [petitioner's] alleged lack of legal sophistication also does not excuse the delay.")

In summary, Petitioner fails to demonstrate that he diligently pursued his rights and that an "extraordinary circumstance" prevented him from filing a timely petition. *Pace,* 544 U.S. at 418. Accordingly, there is no basis for equitably tolling the AEDPA statute of limitations and the Petition should be dismissed as untimely.

**III. Summary**

Because Petitioner's habeas petition is untimely under the ADEPA and equitable tolling is not justified, the Court does not address Respondents' contention that Petitioner's claims are procedurally defaulted or otherwise lack merit.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections.

Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 10th day of November, 2008.

Lawrence O. Anderson
United States Magistrate Judge

- 9 -